Eastern Dist
April, 1828.

PERCY vs. MILLAUDON.

Joint owners must contribute rateably to useful expenses incurred on the property by a joint owner having the management of it, when no opposition on their part has been made to such expenses.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The plaintiff and defendant were joint owners of a sugar plantation on the Mississippi. The former owning one-fourteenth, and the latter thirteen-fourteenths. The defendant has had the management and direction of the property, and has received the amount for which the crops have sold. This suit is to recover the plaintiff's proportion of the profits, and to compel the defendant to render an account of them.

The answer denies the existence of any profits, avers the expenses have exceeded the revenues, and prays judgment for the balance due to the defendant.

The court of the first instance gave judgment in favor of the defendant for $2519 80 cents. The plaintiff appealed.

The greatest, if not the only difficulty in the cause, grows out of the different views which these joint owners seem to have entertained in relation to the most beneficial manner of managing the estate of which they were proprietors. The property in the situation it was pla-

ced when the parties became owners of it, was susceptible of being worked to considerable advantage, and more revenue might have been made, had the defendant employed the means in his hands with a view to immediate profit. But as it was of great extent, and susceptible of being improved, so as to bring a large portion of it into cultivation, he directed his principal attention to preparing it for more extensive cultivation hereafter. In accomplishing this object, he placed a large number of negroes, belonging to himself, on the plantation, and erected valuable buildings. The plaintiff contends he is not responsible for these expenses, nor is he obliged to contribute to them; that the defendant must account for every thing which might have been made, had the estate been managed in regard to immediate profit.

The judge below was of opinion the plaintiff should pay his proportion of these improvements, and the hire of the slaves. The correctness of this opinion has been strenuously assailed: one of the grounds on which it is attacked is correct. As both the owners had an equal right to the controul and direction of the property, the law supports the party who opposes any change. But the argument drawn

Eastern Dist.
*April*, 1828.

PERCY
*vs.*
MILLAUDON

from this right is pushed too far, when it is contended, that notwithstanding no opposition was made to the mode pursued by the defendant in managing the estate, the plaintiff shall profit by the increased value given to the land by the improvements, and yet not contribute his proportion of the expenses incurred in making them.

It is urged this principle cannot be applied to the parties before the court, because, during a great portion of the time, there was a suit pending between them, in which the plaintiff's right to the land was contested, and that until he was declared owner by a judgment of the court, he had no right to interfere with the management of the property. But this circumstance did not prevent him making opposition; nay, the whole property might have been taken out of the defendant's hands, and sequestered, until the final termination of the suit, on a suggestion he was using it in such a way as to injure the right of the plaintiff. *Code of Prac.* 275, 3.

The fourth number of 2841st article of the code has been relied on to shew, that a purchaser cannot dispose of, or make any change in real property belonging to the partnership,

without the consent of his partners, even if

that change should be advantageous to the partnership. This article does not apply to the parties now before the court, who were not *partners:* they were joint owners, and our code has specially provided, that a community of property does not, of itself, create a partnership. But if they were partners, still, the circumstance of the improvements being made with the knowledge, and without the opposition of the plaintiff, would prevent him claiming the benefit of this provision. *Poth. trait. de Soc. Nos.* 87 & 88; *Domat liv.* 1, *tit.* 8, *sec.* 4, *No.* 22; *Dig. Liv.* 10, *tit.* 3, *Law* 28.

The situation of the parties before the court bears a close analogy to that of an heir in a succession, who enters into possession of the whole estate, and contests the right of his co-heir to any part of it. In case the latter finally succeeds in the suit, the former, in rendering an account, would be allowed credit for all the improvements he put on the property, tho' strictly speaking, he is, perhaps, a possessor in bad faith. *Poth. traite du domaine de propriete, Nos.* 350, 345; *Dig. Liv.* 5, *tit.* 3, *law* 38, 39

Our code seems to have sanctioned the same

doctrine, at least, the article in the Nap Code which is similar to it is so understood in France. *Nap. Code* 1381; *Lou. Code* 2292; *Toullier Droit Civil, vol.* 11, *tit.* 4, *No.* 111.

We have examined the various items of the account, and we see nothing erroneous in the judgment of the district court in relation to them. The charge for interest so much complained of was rejected below.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

There being in the case an error in the calculation of the interest, it is agreed by the parties, that the former judgment of the court should be so modified that the judgment of the district court be reversed, and judgment rendered in favor of the defendant for $2674 10, with interest from the date until paid, and costs in the court below, those of appeal to be paid by the appellees.

*Denis* for the plaintiff, *Seghers* and *Grymes* for the defendant.